UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH DIAL, derivatively on behalf of Nominal Defendant WHEELS UP EXPERIENCE INC., <br><br>                Plaintiff,<br><br>v.<br><br>KENNETH DICHTER, TODD SMITH, DAVID ADELMAN, TIMOTHY ARMSTRONG, DWIGHT JAMES, GEORGE N. MATTSON, ADAM ZIRKIN, ALAIN BELLEMARE, ADAM CANTOR, ANDREW DAVIS, DAN JANKI, ZACHARY LAZAR, LEE MOAK, JEFF NEDELMAN, CHIH CHEUNG, MARC FARRELL, ADMIRAL MIKE MULLEN, BRIAN RADECKI, SUSAN SCHUMAN, ERIK SNELL, RAVI THAKRAN, and ERIC PHILLIPS<br><br>                Defendants,<br>            and<br><br>WHEELS UP EXPERIENCE INC.,<br><br>                Nominal Defendant. | Case No.: 1:24-cv-02648-CBA-VMS |

**JOINT STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER
CONSOLIDATING THE ACTION**

Plaintiff Keith Dial ("Plaintiff"), derivatively on behalf of Wheels Up Experience Inc. ("Wheels Up" or the "Company"), and Defendants Kenneth Dichter, Todd Smith, David Adelman, Timothy Armstrong, Dwight James, George N. Mattson, Adam Zirkin, Alain Bellemare, Adam Cantor, Andrew Davis, Dan Janki, Zachary Lazar, Lee Moak, Jeff Nedelman, Chih Cheung, Marc Farrell, Admiral Mike Mullen, Brian Radecki, Susan Schuman, Erik Snell, Ravi Thakran, and Eric Phillips (the "Individual Defendants," together with Wheels Up,

"Defendants," and collectively with Plaintiff, the "Parties") jointly submit this stipulation (the "Stipulation") to stay the above-captioned action (the "Action"), and in support thereof state as follows:

WHEREAS, on December 14, 2023, Plaintiff filed the Action, a shareholder derivative action on behalf of Nominal Defendant Wheels Up in this United States District Court for the District of Delaware for alleged breaches of fiduciary duties, unjust enrichment, and waste of corporate assets against the Individual Defendants, and for breach of fiduciary duty for insider trading and misappropriation of information against Defendant Todd Smith, and for contribution under the federal securities laws against the Company, Kenneth Dichter, and Todd Smith;

WHEREAS, on April 19, 2023, plaintiff The Lee Goodman Trust filed a securities class action captioned *The Lee Goodman Trust v. Wheels Up Experience, Inc.*, 1:23-cv-02900 in the Eastern District of New York (the "Securities Action"); on September 12, 2023, plaintiff Philip Irminger filed a derivative action captioned *Irminger v. Wheels Up Experience, Inc.*, 1:23-cv-06777 in the Eastern District of New York (the "*Irminger* Action"), on October 10, 2023, Anthony DeMarzio Jr. filed a derivative action captioned *DeMarzio v. Wheels Up Experience, Inc.*, Index No. 159927/2023 in New York Supreme Court, New York County (the "*DeMarzio* Action"), and on November 8, 2023, plaintiff Jesse E. Lang filed a derivative action captioned *Lang v. Wheels Up Experience, Inc.*, 1:23-cv-08316 in the Eastern District of New York (the "*Lang* Action"); on January 25, 2024, the parties to the *Irminger* Action and the *Lang* Action stipulated to consolidate their actions under the case number 1:23-cv-06777-OEM-VMS in the Eastern District of New York (the "Consolidated Derivative Action"); and on April 3, 2024, the Honorable Judge Orelia E. Merchant issued an Order consolidating the *Irminger* and *Lang* actions in the Consolidated Derivative Action, and stayed that action;

WHEREAS, this Court in the Consolidated Derivative Action ordered that its stay "shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, that is subsequently filed in, remanded to, reassigned to, or transferred to this Court," *see* Consolidated Derivative Action ECF No. 12, ¶ 10;

WHEREAS, the Consolidated Derivative Action and the *DeMarzio* Action challenge substantially the same alleged conduct by similar Company directors and executive officers, involve substantially the same questions of law and fact, and are based on the same or overlapping factual allegations as alleged in this Action;

WHEREAS, on December 8, 2023, the parties to the *DeMarzio* Action stipulated to stay the *DeMarzio* Action until the resolution of the motion to dismiss in the Securities Action;

WHEREAS, the Parties agree that developments in the Securities Action could have important implications for the efficient prosecution of this Action;

WHEREAS, U.S. Magistrate Judge, Hon. Vera M. Scanlon, ordered on January 4, 2024, that: plaintiffs in the Securities Action file an amended complaint by February 6, 2024, which plaintiffs in that action have done; defendants file a pre-motion-to-dismiss letter seeking a conference with the court by March 5, 2024, which defendants in that action have done; and plaintiffs file a response letter by March 19, 2024, which plaintiffs in that action have done;

WHEREAS, the defendants in the Securities Action represent that they will move to dismiss the Securities Action;

WHEREAS, the Parties agree that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and this Court's order in the Consolidated Derivative Action, this Action should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action with the Consolidated Derivative Action, under the case number 1:23-cv-06777-OEM-VMS in the Eastern District of New York, in order to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources;

WHEREAS, the Parties agree the Consolidated Derivative Action will be stayed on the same terms as those set forth in the operative Stay Order (entered in the *Irminger* Action);

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the Parties, through their undersigned counsel, and subject to the approval of the Court, as follows.

1. This Action is consolidated into a single consolidated action with the Consolidated Derivative Action under the case number 1:23-cv-06777-OEM-VMS in the Eastern District of New York.

2. All proceedings and deadlines in this Action, including pleadings, motion practice, conferences, and any discovery is hereby stayed until final resolution of the motion to dismiss in the Securities Litigation and on the same terms as those set forth in the Stay Order entered in the *Irminger* Action, ECF No. 9.

3. If the Parties fail to agree to stipulate to a further stay at that time, Defendants reserve the right to move to stay pending final adjudication of the Securities Litigation, and Plaintiff may oppose any such motion.

4. During the pendency of the stay, Defendants need not respond to Plaintiff's

complaint; all applicable deadlines shall be postponed; and neither Plaintiff nor Defendants shall later argue that the stay has prejudiced their position in this case.

5. During the pendency of the stay, Plaintiff may file an amended complaint, however any such amendment shall serve as Plaintiff's sole amendment as of right pursuant to Fed. R. Civ. P. 15. Defendants will have no obligation to respond to any amended complaint during the pendency of the stay.

6. During the pendency of the stay, in the event that a mediation is held in an effort to settle the Securities Action, Defendants will provide Plaintiff with reasonable advance notice of, and make a good faith effort to allow Plaintiff to participate in, the mediation. If any other party objects to Plaintiff's participation in said mediation, then Defendants will mediate separately with Plaintiff at or about the same time.

7. During the pendency of the stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein and shall include Plaintiff in any such mediation or settlement talks and negotiate in good faith.

8. During the pendency of the stay, Defendants shall promptly notify Plaintiff if a related derivative lawsuit is not stayed for the same duration as this Action.

9. If, during the pendency of the stay, any other shareholder derivative suit is not similarly stayed, Plaintiff may terminate the stay upon 14-days' notice in writing via email to the undersigned counsel for Defendants.

10. Once a decision is issued on the motion to dismiss in the Securities Action, or upon Plaintiff's termination of the stay pursuant to Paragraph 8, the Parties shall meet and confer and file a proposed schedule within fourteen days. The Parties shall determine through stipulation

further deadlines for pleadings and motions.

11. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein. The Parties expressly preserve, and do not waive, any and all claims, rights, procedural remedies, and defenses, and arguments in this Action, except as to the absences of a summons or of service.

Dated: April 25, 2024

| LIFSHITZ LAW PLLC | MCGUIREWOODS LLP |
|---|---|
| By: /s/ *Joshua M. Lifshitz* <br> Joshua M. Lifshitz <br> Matthew Hettrich <br> 1190 Broadway <br> Hewlett, NY 11557 <br> Tel: (516) 493-9780 <br> Email: jlifshitz@lifshitzlaw.com <br>        mhettrich@lifshitzlaw.com <br><br> *Attorneys for Plaintiff Keith Dial* | By: /s/ *Jeffrey J. Chapman* <br> Jeffrey J. Chapman <br> Jonathan T. Blank (*pro hac vice* forthcoming) <br> Garrett H. Hooe (*pro hac vice* forthcoming) <br> 1251 Avenue of the Americas, 20th Fl. <br> New York, New York 10020-1104 <br> Tel: 212-548-2100 <br> Email: jchapman@mcguirewoods.com <br> jblank@mcguirewoods.com <br> ghooe@mcguirewoods.com <br><br> *Attorneys for Defendants* |

### [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 3/28/2025

/s/*Eric N. Vitaliano*
-----------------------------
Hon. Eric N. Vitaliano
UNITED STATES DISTRICT JUDGE